## HESSEN SIAK SHAMS v. NEBRASKA STATE BANK OF BLOOMFIELD, NEB.

### No. 272.

District Court, D. Nebraska, Norfolk Division.
April 10, 1931.

M. F. Harrington, of O'Neill, Neb., for plaintiff.

Kelsey & Kelsey, of Norfolk, Neb., for defendant.

WOODROUGH, District Judge.

The plaintiff, an alien, native of Syria, sues the Nebraska State Bank of Bloomfield, Neb., in an action at law to recover upon two certificates of deposit, one issued to him in September, 1928, and one in October, 1928. The case is submitted for judgment upon the pleadings, a motion to bring an additional party into the case, a stipulation of facts, argument of counsel, and briefs.

It appears that the state bank in which the deposits were made became insolvent in February, 1929, and the department of trade and commerce of the state of Nebraska took possession of it as provided by law for the purpose of administering and disposing of its affairs.

Thereafter, and on the 30th of April, 1929, an amendment to the state banking laws of Nebraska went into effect authorizing so-called reorganization of banks which had been taken over by the department of trade and commerce, and, all the depositors and unsecured creditors of the bank excepting the plaintiff and one other having consented thereto, a reorganization plan was carried out and consummated in May, 1929. The plan conforms to the new statute, which is as follows (Banks and Banking, 8-181, Comp. St. 1929):

"If the Secretary of the Department of Trade and Commerce with a view of restoring the solvency of any bank of which the department has taken charge pursuant to law shall approve a reorganization plan entered into between depositors and unsecured creditors representing eighty-five per cent. or more of the total amount of deposits and unsecured claims of such bank on the one hand and the bank or reorganizers thereof on the other, then and in such case all other depositors and unsecured creditors shall be held to be subject to such agreement to the same extent and with the same effect as if they had joined in the execution thereof, and their claims shall be treated in all respects as if they had joined in the execution of such articles of reorganization, in the event of restoration of such bank to solvency and the re-opening of the same for business. Any county, city, village, township or school district, through its governing board, and the State, through the governor, may enter such agreement. (R. S. 1913, 328; 1919 p. 705; C. S. 1922, 8029; 1923 p. 443; 1925 p. 122; 1929 p. 164.)"

The effect of the steps which have been taken is that new and amended articles of incorporation are adopted for "Nebraska State Bank" of Bloomfield (the name of the old bank being "The Nebraska State Bank"). Under these new and amended articles new capital stock is subscribed for by persons not stockholders in the old corporation in the par amount of $25,000 and issued at $140 a share so as to provide $10,000 surplus above the capital. The aggregate of deposits and unsecured debts of the insolvent bank was $599,516.56, and its good assets amounting to 75 per cent. of this sum were transferred

by the department of trade and commerce, and the old bank to the new or reorganized corporation, in consideration that it assumed to pay to each depositor and unsecured creditor 75 cents on the dollar in payments of 10 per cent. a month. The rest of the old bank's assets, including all rights and claims of the creditors against the bank, its officers, directors and stockholders, were turned over to a corporation called "Bloomfield Liquidation Association." This association has to liquidate these assets and administer in the interest of creditors.

The reorganized corporation, "Nebraska State Bank," has tendered, and does tender, to the plaintiff the whole amount of 75 cents on the dollar of his deposits. The Bloomfield Liquidation Association has not been made a party here. The plaintiff says that the amendment under which this scheme of reorganization payment of 75 cents on the dollar and liquidation for creditors proceeds is unconstitutional, and not binding on him. He says that he had a right to sue the bank, get a judgment against it, and through receiver and other process out of this court subject the assets of all kinds to the payment of his debt; that the law authorizing the reorganization plan and the steps taken under it impair the obligation of his contract, and deny him due process, and are void as to him.

The reorganized bank says that it is to all practical intent a new corporation; that it cannot be made liable for the debts of the old corporation beyond the assets it has received; that it has accounted for all such assets with all other creditors except the plaintiff and one other to the full extent of the interest of each, and it tenders to the plaintiff his just full share; that the plaintiff therefore should have nothing against it. It presents further that if, notwithstanding the amendment to the banking laws and the reorganization plan that has been effected pursuant to it, the plaintiff has some right of action, then the Liquidation Association is a necessary party.

It will be noted that the 1930 amendment provides, among other things, that, after 85 per cent. of the unsecured creditors and depositors have entered into the reorganization plan, "all other depositors and unsecured creditors shall be held subject to the agreement to the same extent and with the same effect as if they had joined in the execution thereof, and their claims shall be treated in all respects as if they had joined in the execution of such articles of reorganization."

It is clear that the depositors and unsecured creditors who have joined in the reorganization plan could not maintain such an action as the plaintiff here presents, because they would be bound by voluntary contracts to look to the new organization for 75 per cent. of their money and to the Liquidation Association for their share of the balance. They have made new contracts, and are bound thereby.

But this plaintiff has made no new contracts, and it was not within the power of the Legislature to impair by statutory enactment the obligation of the contract he had nor to deprive him of any of his substantial security. If, therefore, the reorganization plan of the statute and what has been done under it accomplish such a wrong to the plaintiff, he cannot be without remedy in this court. The mere fact that others who were similarly situated with himself are willing to agree in no wise affects his substantial rights. In this case the proportionate number of those who have entered into the new agreement is very large, including, as it does, all creditors but two. The principle, however, cannot be otherwise than if there had been only 50 per cent. named in the statute instead of 85 per cent. Whatever rights the plaintiff has are his own, though he comes from Syria and is only one of two depositors standing out.

The real question, therefore, is whether he has been deprived of anything of substance.

At the time the plaintiff made his deposits in the old bank, the Nebraska law provided an elaborate system for the protection of depositors in the state banks in cases of insolvency of the banks, including what is called the bank guaranty fund. But at no time for many years have such depositors had any right after insolvency of the bank to seize upon its assets by mesne or final processes of the courts. The plan of the various laws always contemplated an equitable division of the proceeds of liquidation among creditors according to their respective interests.

There were at all times provisions for the enforcement of stockholders' double liability and also to enforce any obligations of officers and directors resulting from malfeasance.

The plaintiff accordingly claims that the reorganization plan deprived him of these means, and therefore his right to cause the stockholders to respond to their double liability fixed by the Constitution of the state and the officers and directors to account for excess or improvident loans and such mis-

conduct. I am of opinion that these were substantial rights of the plaintiff incident to his contract as a depositor, and, under the reorganization plan, neither the department of the state nor the state court has reserved any powers to enforce the rights. All initiative is left with the liquidating association.

As the plaintiff is not a party to that association, he is entitled to his day in court, and is entitled to maintain this action, notwithstanding the provisions of the 1930 act to the contrary. As to the form of his action at law upon his certificates, it is justified under the ruling of the circuit court of this circuit in Metropolitan Sav. Bank & Trust Co. v. Farmers' State Bank, 20 F.(2d) 775.

Upon the facts stipulated, the plaintiff is entitled to have judgment upon his certificates of deposit less the payments admitted, together with interest according to the terms of the certificates.

But, though the plaintiff is so entitled to judgment, the form and measure of his relief is controlled by the facts and the situation. He is not entitled to any judgment operative upon the reorganized bank nor to any execution or relief against the same. It incurred no liability of any kind to the plaintiff beyond the obligation to account to him for a proportionate amount of the assets of the old bank taken by it. This court should and does take notice of the tender made by the reorganization.

For the purpose of rendering effective the judgment so to be entered against the old bank, the "Bloomfield Liquidation Association" shall be made a party defendant herein, as moved by the reorganization, and shall render an account within ——— days of whatever steps it has taken and whatever means it has to satisfy the claims of the plaintiff as a judgment creditor to the extent of his deposits.

In the meantime no execution shall issue on the judgment. I submit for consideration of counsel the form of judgment entry.